**Gary L. STEVENSON, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 91–CF–32.

District of Columbia Court of Appeals.

Submitted March 9, 1992.

Decided April 7, 1992.*

Paul A. Signet, Springfield, Va., appointed by this court, was on the brief for appellant.

Jay B. Stephens, U.S. Atty., with whom John R. Fisher, Norman C. Bay, and DeMaurice F. Smith, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before FERREN, Associate Judge, and REILLY and PRYOR, Senior Judges.

* This case was originally disposed of by Memorandum Opinion and Judgment, but is being published pursuant to the court's order granting the motion to publish.

REILLY, Senior Judge:

Convicted by a jury and sentenced to prison for distribution of cocaine—an offense defined in D.C.Code § 33–541(a)(1) (1988 Repl.), appellant Gary Stevenson urges this court to vacate his conviction on the ground that the jury verdict is not supported by sufficient evidence. Having examined the briefs and record, we affirm.

In a typical police operation programmed to apprehend street drug dealers, two undercover officers drove to a block on W Street, N.W., near the intersection of First, late one evening. One officer emerged from the car which his colleague then drove around the block. The first officer accosted a man standing in a well lighted alley and told him he would like to buy a specified quantity of cocaine. The stranger (Edward Washington) handed the officer a packet containing rock cocaine and was given a twenty dollar bill in pre-recorded currency.

In the meantime, the other officer, having driven back to W Street, observed the exchange between Washington and his fellow policeman. He noticed that another man, later identified as appellant Stevenson, was standing only a few feet away from Washington and was watching the transaction. When the sale was completed and the officer who had made the purchase was returning, the second officer saw Washington immediately hand over the bill he had just received to Stevenson.

Responding to broadcasted descriptions of the two men, a team of arresting officers arrived on the scene and took both men into custody. During a search of appellant's pockets incidental to arrest, police found the incriminating twenty dollar bill among other items of currency.

In a joint trial before a jury, appellant testified that on the particular evening, he had driven to the W Street block to collect twenty dollars owed him by Washington for an unpaid haircut. Upon discovering his friend there, he parked his car, the two men met, and after a brief exchange of

words, Washington went back to his house and gave him some money. He told the jury that while he was in Washington's company, no drug transactions of any kind occurred. Motions of acquittal having been denied, the prosecution argued that testimony given by the police showed that appellant had aided and abetted his codefendant in an illegal sale of cocaine. The court left this factual issue for the jury to decide. Verdicts of guilty were returned against both men.[1]

In our opinion, the court did not err in denying appellant's acquittal motions for the evidence was sufficient to permit the jury to infer that Stevenson had aided and abetted his codefendant in the sale to the undercover officer. The government relied not only on the testimony of the policeman who witnessed the transaction, but also the testimony of a detective, qualified as an expert, who informed the jury that it was common practice for street narcotics dealers to act in concert as a pair, one man delivering the drugs to customers and the other holding the cash. While we have noted that mere presence at the scene of a crime is insufficient to establish criminal participation, "proof of presence at the scene of a crime plus conduct which designedly encourages or facilitates a crime will support an inference of guilty participation as an aider and abettor." *Jefferson v. United States,* 463 A.2d 681, 683 (D.C. 1983). Evidence of such conduct was offered here. As it was within the province of the jury to resolve the question of credibility posed by the conflicting testimony, we find the jury verdict supported by substantial evidence.

*Affirmed.*

---

**1.** The appeal of the codefendant is not before us.